IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

LARRY L. BUSH,

      Petitioner,

      v.

JORDAN HOLLINGSWORTH,

          Respondent.

HONORABLE JEROME B. SIMANDLE

Civil Action
No. 15-6704 (JBS)

**OPINION**

APPEARANCES:

Larry L. Bush, Petitioner Pro Se
# 17417-198
RRM Baltimore
302 Sentinel Drive, Suite 200
Annapolis Junction, Maryland 20701

John Andrew Ruymann, Esq.
Office of the United States Attorney
402 East States Street
Suite 430
Trenton, New Jersey 08608
    Attorney for Respondent Jordan Hollingsworth

**SIMANDLE, Chief Judge:**

## I.    INTRODUCTION

Larry L. Bush, a federal prisoner confined at RRM
Baltimore, Annapolis Junction filed this Petition for a Writ of
Habeas Corpus pursuant to 28 U.S.C. § 2241. (Docket Entry 1).
Having reviewed the written submissions of the parties, and for
the reasons expressed below, this Court will dismiss the
petition as moot.

## II.  BACKGROUND

Petitioner was sentenced by the District of Maryland to a year-and-a-day custodial period after violating the terms of his probation. (Docket Entry 1 at 2-3). On February 25, 2015, he was sent to FCI Fort Dix, New Jersey to serve his sentence. (Docket Entry 1 at 3). Petitioner alleged the Bureau of Prisons ("BOP') was using outdated information that indicated there were pending charges against him, when in fact there were no outstanding charges, as justification to delay decision as to when he would be placed in a residential re-entry center ("RRC"). (Docket Entry 1 at 3). After delaying several months, the BOP finally began the evaluation process in June 2015, four months from Petitioner's "max out" date of October 22, 2015. (Docket Entry 1 at 3-4). Petitioner did not receive any decision from the BOP until August 26, 2015, when he was informed he would not be placed in a RRC because there were no available beds. (Docket Entry 1 at 4).

Petitioner subsequently filed this petition on August 31, 2015, asking the Court to order the BOP to transfer him to a RRC. (Docket Entry 1 at 6). He alleged the BOP violated his due process rights and the Second Chance Act of 2007, Pub. L. No. 110-199, April 9, 2008 ("Second Chance Act"), when it failed to conduct a timely evaluation for his placement in a RRC. *See* 18 U.S.C. § 3624(c)(1) ("The Director of the Bureau of Prisons

2

shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community."). He further alleged that he knew of another inmate at Fort Dix who was scheduled to arrive at a RRC facility on September 23, 2015, one day *after* Petitioner would have arrived if he had received a thirty-day placement, in spite of the BOP's assertion there were no available beds. (Docket Entry 1 at 5). This Court ordered Respondent to order on an expedited basis of ten days on September 22, 2015. (Docket Entry 2).

On September 30, 2015, Petitioner submitted a change of address informing the Court that he had be moved to the Community Solutions, Inc., in Wilmington, Delaware, on September 17, 2015. (Docket Entry 4). Respondent entered its appearance on October 2, 2015, and moved to dismiss the petition as moot as Petitioner had been assigned to a RRC facility in Wilmington, Delaware. (Docket Entry 6).

## III. DISCUSSION

### A. Jurisdiction

Petitioner challenged the decision of the BOP denying him placement at a halfway house. Section 2241 of Title 28 of the United States Code provides in relevant part:

(c) The writ of habeas corpus shall not extend to a prisoner unless ... He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3). "Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485–86 (3d Cir. 2001). This Court has subject matter jurisdiction under § 2241 to consider the instant petition because Petitioner was incarcerated in New Jersey when he filed the petition, and he challenges the denial of early release on federal grounds. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241–44 (3d Cir. 2005); *Barden v. Keohane*, 921 F.2d 476, 478–79 (3d Cir.1990). Moreover, if the BOP incorrectly determined his eligibility for early release, this error carries a potential for a miscarriage of justice that can be corrected through habeas corpus. *See Murray v. Carrier*, 477 U.S. 478, 495 (1986); Barden, 921 F.2d at 479.

**B. Mootness**

The exercise of judicial power depends upon the existence of a case or controversy because Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties. U.S. CONST. art. III, § 2. "The 'case or controversy requirement subsists through all stages of

federal judicial proceedings, trial and appellate. . . . The parties must continue to have a personal stake in the outcome of the lawsuit.'" *Chestnut v. Warden Lewisburg USP*, 592 F. App'x 112, 113 (3d Cir. 2015) (omission in original) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990)). "'[T]hroughout the litigation,' the party seeking relief 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *United States v. Juvenile Male*, 131 S. Ct. 2860, 2864 (2011) (alteration in original) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

Here, Petitioner asks this Court to compel the BOP to place him in a RRC facility. The change of address form indicates Petitioner was placed in such a facility on September 17, 2015. (Docket Entry 4). Moreover, the BOP's inmate locator indicates Petitioner is now placed at Baltimore RRM. BOP Inmate Locator, *available at* http://www.bop.gov/inmateloc/ (last visited October 8, 2015). Petitioner has already received all the relief this Court could have ordered if it had granted a Writ of Habeas Corpus. Thus, his placement in a RRC facility renders his petition moot because Petitioner is no longer threatened with "an actual injury traceable to the [BOP] and likely to be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7; *see also Wilson v. Reilly*, 163 F. App'x 122, 125 (3d Cir.

2006) (When the Parole Board provided habeas petitioner with the relief sought in his § 2241 petition, this rendered his habeas claim moot). This Court will therefore dismiss the Petition as moot.

**IV.  CONCLUSION**

Based on the foregoing, this Court will dismiss the Petition as moot. An accompanying Order will be entered.

__October 13, 2015__                    __s/ Jerome B. Simandle__
Date                                    JEROME B. SIMANDLE
                                        Chief U.S. District Judge

6